**Dismissed and Memorandum Opinion filed November 18, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00715-CV

---

## MARSHAUN ROBINSON, Appellant

### V.

## TEXAS BOARD PARDONS AND PAROLES, Appellee

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-34153**

# M E M O R A N D U M   O P I N I O N

On September 2, 2014, appellant, an inmate appearing pro se, filed a notice of appeal in an attempt to appeal the trial court's order signed August 14, 2014, sustaining a contest to appellant's affidavit of indigence in the underlying expunction suit. This court lacks jurisdiction over an interlocutory order sustaining a contest to an affidavit of indigence. *See Kossie v. Smith*, No. 01–08–00065–CV, 2009 WL 618465 (Tex. App.—Houston [1st Dist.] March 9, 2009, no pet.) (mem. op.) (dismissing attempted interlocutory appeal of order sustaining contest to

affidavit of indigence); *Kilsby v. Mid-Century Ins. Co.*, No. 14-07-00981-CV, 2008 WL 889428 (Tex. App.—Houston [14th Dist.] Apr. 3, 2008, no pet.) (mem. op.) (same).

On September 4, 2014, we notified appellant that the appeal would be dismissed for want of jurisdiction unless he filed a response with the clerk of this court on or before September 19, 2014, demonstrating that this court has jurisdiction over the appeal. Appellant filed two documents after our dismissal notice issued. On September 17, 2014, he filed a motion seeking to proceed on appeal without prepaying fees or costs. On September 26, 2014, appellant filed a letter in response to the court's notice that the clerk's record had not been filed. In his letter, appellant stated that the only additional document for the court's record was his motion for expunction, which he stated he recently sent to the court.

On October 2, 2014, the court ordered a partial clerk's record to determine whether a final, appealable order or judgment had been signed. The partial record was filed November 5, 2014, and the record confirms that the only orders signed by the trial court were an order signed August 14, 2014, sustaining the contest to appellant's affidavit of indigence without prejudice to refiling with required proof, an order signed September 8, 2014, granting a twenty-day extension of time to hear a contest to appellant's claim of indigence for appeal, and an order signed October 22, 2014, sustaining the contest to appellant's claim of indigence and ordering him to pay the costs of the appeal.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.* 39 S.W.3d 191, 195 (Tex. 2001). An interlocutory order may be appealed only when allowed by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). There is no statutory grant of the right to immediately appeal, before entry of final judgment, an order sustaining a contest to

an affidavit of indigence. *Kilsby*, 2008 WL 889428 at *1.

We lack jurisdiction over this attempted appeal and order it dismissed. We deny appellant's motion to proceed without prepaying fees or costs as moot.

PER CURIAM

Panel consists of Justices McCally, Brown, and Wise.